1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD BUDD,

11          Plaintiff,                    No. CIV 10-1770 GEB KJM

12      vs.

13   SRS & ASSOCIATES,

14          Defendant.              FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff's motion for default judgment was submitted on the papers.  Upon

17   review of the documents in support, no opposition having been filed, and good cause appearing

18   therefor, THE COURT FINDS AS FOLLOWS:

19          The complaint in this matter was served upon defendant on July 26, 2010.

20   Compare Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir.

21   1985) (default judgment void without personal jurisdiction).  Defendant has not filed an answer.

22   The clerk of the court entered default against defendant on September 2, 2010.  Plaintiff's

23   motion for entry of default judgment was served by mail on defendant at defendant's last known

24   address.  Defendant filed no opposition to the motion for entry of default judgment.

25          Entry of default effects an admission of all well-pleaded allegations of the

26   complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir.

1

1  1977).  Entry of default judgment is proper where, as in the present case, the facts established by

2  the default support the causes of action pled in the complaint.  The complaint and the affidavits

3  filed in support of the motion for entry of default judgment also support the finding that plaintiff

4  is entitled to the relief in the form of damages[1] as requested in the prayer for default judgment,

5  which does not differ in kind from the relief requested in the complaint.  Henry v. Sneiders, 490

6  F.2d 315, 317 (9th Cir. 1974).  There are no policy considerations that preclude the entry of

7  default judgment of the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.

8  1986) (listing seven factors to be considered in determining entry of default judgment).

9              In view of the foregoing findings, it is the recommendation of this court that

10 plaintiff's motion for entry of default judgment be GRANTED and that judgment be entered

11 against defendant SRS & Associates, for damages, attorneys' fees, and costs in the amount of

12 $5,129.50.

13             These findings and recommendations are submitted to the United States District

14 Judge assigned to this action, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

15 fourteen days after being served with these findings and recommendations, any party may file

16 written objections with the court and serve a copy on all parties.  Such a document should be

17 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

18 objections shall be served and filed within seven days after service of the objections.  The parties

19 are advised that failure to file objections within the specified time may waive the right to appeal

20 the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21 DATED:  November 8, 2010.

22

23 006
   budd-SSR.def

   U.S. MAGISTRATE JUDGE

24 _____

25     [1]    Plaintiff also seeks $500.00 for anticipated collection costs but is not entitled to such
   costs under the statute.  15 U.S.C. § 1692k(a)(3); see Gervais v. O'Connell, Harris & Assoc., Inc.,
   297 F.Supp.2d 435, 440 n.1 (D. Conn. 2003) (court declined to allow anticipated collection costs).

26